IN THE MATTER OF THE ESTATE OF DAVIS
2022 OK CIV APP 30
Case Number: 119824
Decided: 07/22/2022
Mandate Issued: 08/17/2022
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2022 OK CIV APP 30, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF KYLE L. DAVIS, Deceased,
VIRGIL KEITH MCDONALD, Petitioner/Appellant,
v.
ANDREA LYNETTE DAVIS, Personal Representative of the Estate, Respondent/Appellee.
APPEAL FROM THE DISTRICT COURT OF
COAL COUNTY, OKLAHOMA
HONORABLE PAULA INGE, TRIAL JUDGE
AFFIRMED
Alan M. Taylor, PALMER LAW, Ada, Oklahoma, for Petitioner/Appellant,
Johnny J. Sandmann, Atoka, Oklahoma, for Respondent/Appellee.
ROBERT D. BELL, PRESIDING JUDGE:
¶1 In this probate proceeding, Petitioner/Appellant, Virgil Keith McDonald (Contestant), appeals from the probate court's order sustaining the motion for summary judgment filed by Andrea Lynette Davis, Personal Representative of the Estate of Kyle L. Davis, Deceased. Contestant filed a petition to vacate the court's order admitting decedent's 2019 last will and testament to probate. The Personal Representative moved for summary judgment. The probate court granted summary judgment to the Personal Representative holding Contestant failed to file a petition objecting to the 2019 will within the statutory time limit of three (3) months after the 2019 will was admitted to probate; therefore, pursuant to , the probate court lacks the jurisdiction to grant relief. We find there are no facts in dispute and the probate court properly determined the Personal Representative is entitled to judgment as a matter of law. The probate court's judgment is affirmed.
¶2 On October 23, 2019, Decedent executed a self-proving Last Will and Testament naming one of his three adult daughters, Andrea Davis, as his sole heir, devisee and legatee. The will named Andrea as Decedent's personal representative. Decedent died September 30, 2020, survived by his three adult daughters. On October 26, 2020, Andrea filed a petition for the probate of Decedent's will. The petition listed Decedent's three adult daughters as Decedent's sole heirs, devisees and legatees. The petition alleged the addresses of Andrea's two sisters were unknown. Andrea provided notice by publication of the hearing to admit the will to probate and to appoint the personal representative. At the hearing, the probate court admitted the 2019 will to probate and granted Andrea letters testamentary.
¶3 The Personal Representative filed a final account and a petition for decree of distribution of the estate on April 15, 2021. She provided notice by publication of the hearing scheduled for May 13, 2021. The two sisters appeared at the hearing and verbally objected to the 2019 will. The trial court took the matter under advisement.
¶4 On May 18, 2021, Contestant filed a motion to vacate the order admitting the will to probate. Contestant, Decedent's brother, attached a will dated April 22, 2004, wherein Decedent bequeathed his entire estate to Contestant. The Personal Representative moved for summary judgment in her favor. Contestant countered there were several material facts in controversy, including the validity of the 2019 will due to Decedent's lack of capacity, unsound mind and undue influence. Contestant also challenged the notice given to the sisters during the probate proceeding.
¶5 The court denied Contestant's motion and petition to vacate, and granted the Personal Representative's petition for distribution. The probate court held Contestant's petition to contest Decedent's 2019 will was filed after the expiration of the three-month limitation period for contesting a will set forth in , thus, the probate court lacked the power to grant relief. Contestant now appeals from this judgment.
¶6 This is an appeal from a summary judgment. Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S. Supp. 2013, Ch. 2, App.1, and Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 2013, Ch. 15, App.1. Supreme Court Rule 1.36 provides, "(u)nless otherwise ordered by the appellate court, no briefs will be allowed on review." Notwithstanding this rule, the parties filed briefs in this appeal. Even though briefs were filed in the appeal, this Court will limit its review to the designated trial court record to determine whether there is any dispute of material fact and whether summary judgment was properly granted.
¶7 Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. Brown v. Alliance Real Estate Group, , ¶7, . We review the evidence de novo, in the light most favorable to the party opposing summary judgment. Vance v. Federal Natl. Mortg. Assn., , ¶6, .
¶8 For his first assignment of error, Contestant argues the trial court erred in admitting the 2019 will to probate because the Personal Representative did not provide notice to the two sisters as required by . Neither of the sisters has appealed from the probate court's final order. Yet, Contestant takes it upon himself to argue the notice to the sisters was inadequate. The question is whether Contestant may challenge the inadequacy of the notice on the sisters' behalf. We find Contestant does not have such standing. "Standing refers to a person's legal right to seek relief in a judicial forum." Hendrick v. Walters, , ¶4, . Standing questions whether the party has sustained injury to a legally protected interest. In re Adoption of I.D.G., , ¶11, . Generally, a contestant can only assert that his own interests and legal rights have been injured, not those of third parties. Hendrick, , ¶5 n.14. Under the facts of this case, Contestant has no standing to challenge the notice provided by the Personal Representative to her two sisters.
¶9 We next address whether Contestant has standing in his own right. Under the 2019 will - which has been admitted to probate - Contestant has no interest in the property owned by Decedent at his death. To have standing to challenge notice in a probate proceeding, a person must have an interest in the property owned by a decedent at his death. See Murg v. Barnsdall Nursing Home, , ¶20, . Such a person is classified as an "interested party." Id.; . Decedent was survived by his three adult daughters and he died with the 2019 will that bequeathed the entire estate to Andrea. Thus, Contestant is not an interested party as an heir of the testate decedent nor is he an "interested party" entitled to notice of any hearing in this probate proceeding pursuant to §128. Murg at ¶21. Because Contestant is not an "interested party" either under the laws of succession at et seq. or under the 2019 will, we hold Contestant lacks standing to challenge the notice provided in this probate proceeding.
¶10 To gain standing in this probate proceeding as an "interested party," Contestant must be successful in setting aside the order admitting the 2019 will to probate and he must convince the probate court to admit the 2004 will admitted to probate. The probate court rejected Contestant's quest and found Contestant's petition to vacate the order admitting the 2019 will to probate was untimely under and §67. Contestant claims this was error because there are multiple facts in controversy regarding the validity of Decedent's 2019 will. We hold Contestant's right to challenge the validity of the 2019 will terminated three months after the will was admitted to probate. See §61 and §67; Matter of Estate of Daly, , .
The intent and purpose of §61 is to provide a limited opportunity to contest a will already admitted to probate if the contestant is able to file a petition in which he can truthfully swear that after the will was admitted to probate he discovered 'material facts' that would have been sufficient to prevent admission of the will to probate. 
Id. at ¶17. In order to meet §61's requirements, Contestant's pleading must show on its face that Contestant has newly discovered evidence and must disclose such new evidence. Id. Furthermore, Contestant's pleading must be filed within three (3) months of the date the will is admitted to probate. See and 67. Because this probate is governed by its own statutory procedural code, compliance with §61 and §67 is mandatory. Matter of Estate of Daly at ¶16.
¶11 Under the facts of this case, the 2019 will was admitted to probate on December 10, 2020. Contestant filed his petition to vacate the order admitting the will to probate on May 18, 2021. Because Contestant's petition to vacate the order admitting the will to probate was filed more than three (3) months after the will was admitted to probate, Contestant's right to challenge the 2019 will was extinguished by §61's and §67's limitation upon the probate court's power to hear and determine the post-probate challenge. Matter of Estate of Daly at ¶18. The probate court's judgment is affirmed.
¶12 AFFIRMED.
GOREE, J., special concurring, with which DOWNING, J. joins:
I concur and write separately to express my view that Contestant had standing to challenge the validity of the 2019 will. As the opinion correctly explains, the challenge was untimely.
FOOTNOTES
 provides:
When a will has been admitted to probate, any person interested therein may at any time within three (3) months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

1. That a will of a later date than the one proved by the decedent, revoking or changing the will, has been discovered, and is offered; or
2. That some jurisdictional fact was wanting in the probate; or
3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or
4. That the will was not duly executed and attested.
 Section 67 provides: "If no person, within three (3) months after the admission to probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed."